[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#117)
In a memorandum of decision filed on October 4, 2001, the court granted the defendants' motion for summary judgment as to counts one (vexatious suit) and two (abuse of process) of the complaint and deferred ruling on the motion as to count three (intentional infliction of emotional distress), until counsel of record filed a supplemental memorandum addressed to the latter count. Specifically, the court ordered the following:
 Although the defendants move for summary judgment as to count three (intentional infliction of emotional distress), their memorandum does not address it and the plaintiff has offered no opposition. However, because this claim is integrally related to counts one and two, and the court doubts its viability on its own, the court hereby orders the defendants to file a supplemental memorandum in support of their summary judgment motion as to count three no later than October 16, 2001, and orders the plaintiff to file an opposing memorandum no later than October 23, 2001.
In accordance with the foregoing order, the defendants filed a supplemental memorandum in support of their motion for summary judgment as to count three on October 23, 2001. On October 16, 2001, the plaintiff filed a document entitled, "Plaintiff's Supplemental Brief," which fails to respond substantively to the directive of the court and appears to be an untimely attempt to reargue the court's granting of summary judgment CT Page 15914 as to count one and two.
The court notes that the allegations of extreme and outrageous conduct set forth in count three (¶¶ 31(a)-(e) merely restates the allegations of abuse of process set forth in count two. In accordance with the documents filed by the defendants in support of their motion for summary judgment and the memorandum of decision issued on October 4, 2001, the court has previously found that the plaintiff failed to effectively oppose summary judgment as to either count one or count two. Since the plaintiff now fails to present any evidence or legal argument in support of the viability of count three, the defendants' motion for summary judgment as to count three is also granted.
Peck, J.